UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAHYR RODRIGUEZ ROSAS,

      Petitioner,

v.                                      Case No. 2:25-cv-1062-JES-NPM

SECRETARY, DEPARTMENT OF HOMELAND SECURITY, Official Capacity, UNITED STATES ATTORNEY GENERAL, ALLIGATOR ALCATRAZ FIELD OFFICE DIRECTOR FOR ENFORCEMENT AND REMOVAL OPERATIONS, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, Official Capacity, DIRECTOR, MIAMI FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT, Official Capacity, ACTING DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT, Official Capacity, ASSISTANT FIELD OFFICE DIRECTOR FOR THE KROME SERVICE PROCESSING CENTER FOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, Official Capacity, and ACTING DIRECTOR, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, Official Capacity,

      Respondents.
_____/

**ORDER TO SHOW CAUSE**

      The Central District of California has certified a class action of noncitizens who have been denied an immigration bond hearing. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). The California court

also granted substantive relief, finding that the Government's policy of mandatory detention for all noncitizens arrested in the United States is unlawful. Id.

As best the Court can tell, Petitioner falls within the class definition established by the California court. Petitioner is a noncitizen in the United States without lawful status who entered without inspection, was not apprehended upon arrival, and is not subject to mandatory detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231. (See Doc. 1.) Plaintiff also raises the same claims as the California plaintiffs. (Id. at 7–11.)

All members of a certified class, including absent and future members, are equally bound by a class action judgment. See, e.g., Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974) (holding that class action judgments, "whether favorable or not, will bind all class members" who did not request to be excluded). A judgment in favor of the plaintiff class extinguishes the underlying claims, and basic principles of *res judicata* and collateral estoppel apply. See Cooper v. Federal Reserve Bank, 467 U.S. 867, 874 (1984). As Petitioner appears to be a member of the California class—and the California court has granted relief against the policy he attacks here—this case appears moot.

Since Petitioner has secured relief through the California case, the parties are directed to **SHOW CAUSE** why this matter should not be dismissed as moot. This supplemental briefing is limited

2

to ten pages and is due on or before December 15, 2025.

**DONE AND ORDERED** in Fort Myers, Florida on December 8, 2025