```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

JAHYR RODRIGUEZ ROSAS

      Petitioner,

  v.                                               Case No.  2:25-cv-1062-JES-NPM

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY, et al.,

      Respondents,

_____

**OPINION AND ORDER**

Before the Court are Jahyr Rodriguez Rosas' petition for writ of habeas corpus (Doc. 1), the Government's response (Doc. 9), and the parties' supplemental briefing. (Doc. 10; Doc. 11). For the following reasons, the petition is granted in part and denied in part.

### I. Background

Rodriguez Rosas is a native and citizen of Mexico. (Doc. 1 at 2). He entered the United States without inspection in 2005, when he was about one year old. (Id. at 3). He has a pending I-589 Application for Asylum, which was filed on February 6, 2025. (Id.) He has already done biometrics for the application. (Id.) Rodriguez Rosas has a five-year-old daughter. (Id.) On November 1, 2025, Rodriguez Rosa was detained for a traffic violation. (Id.) He was thereafter transferred into the Custody of the Department of Homeland Security (DHS) and has remained in civil

detention in the custody of Immigration and Customs Enforcement (ICE). (Id.) Rodriguez Rosas has no criminal record. He is being held under 8 U.S.C. § 1225(b)(2). (Doc. 9 at 3.)

## II.  Discussion

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Rodriguez Rosas. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Among other things, Rodriguez Rosas asks the Court to order the respondents to either release him or provide a prompt bond hearing. (Doc. 1 at 2.)

Respondents argue that: (1) 8 U.S.C. §§ 1252(g) and (b)(9) strip the Court of jurisdiction over Rodriguez Rosas' claims; (2) Rodriguez Rosas failed to exhaust available administrative remedies; and (3) Rodriguez Rosas is properly detained under § 1225 and is not eligible for a bond hearing. (Doc. 9 at 3-6.)

The Court has rejected identical arguments in recent cases presenting the same issues. See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and found that the petitioners were being held in

violation of their rights under the INA, entitling them to habeas relief.  The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in Cetino and Patel, it has jurisdiction because this action falls outside the scope of §§ 1252(g) and (b)(9), and exhaustion is excused because it would be futile.  And like the petitioners in the prior cases, Rodriguez Rosas' detention is governed by § 1226(a), not § 1225(b)(2).

As a noncitizen detained under § 1226(a), Rodriguez Rosas is entitled to the statutory process under § 1226(a), which includes a bond hearing.  See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby **ORDERED**:

1.  Jahyr Rodriguez Rosas' Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART.**

2.  On or before **January 2, 2025,** Respondents shall provide Rodriguez Rosas with the statutory process required under § 1226, which includes a bond hearing.  All other relief is **DENIED.**[1]

---

[1] Rodriguez Rosas also seeks an order requiring his immediate release from custody.  (Doc. 1 at 11.)  However, that is not something the Court can provide. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." Hulke v. Schmidt, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021).  Rodrigues

3. If Respondents release Rodriguez Rosas, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.[2]

**DONE AND ORDERED** in Fort Myers, Florida on December 22, 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

Rosas is an alien without lawful status. Thus, he is entitled to a bond hearing under § 1226(a), not immediate release. Likewise, his Due Process Clause claims are not addressed "given that the Court [is granting] the relief [Petitioner is entitled to] based on its interpretation of the applicability of § 1226(a)." Pizarro Reyes v. Raycraft, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If Respondents do not provide Rodriguez Rosas with a bond hearing as ordered, he can renew his Fifth Amendment claims in a subsequent complaint or petition.

[2] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). The parties have briefed the Court on this issued. (Doc. 10; Doc. 11). But no final judgment has been issued in Bautista to bind the parties here. The Court finds no reason to dismiss or stay this case in the meantime.

4